IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| IN RE CONVEX COMPUTER CORP. SECURITIES LITIGATION | CIVIL ACTION NO. 3:91-cv-01563-X |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR AN ORDER DIRECTING
A *CY PRES* DISTRIBUTION OF RESIDUAL SETTLEMENT FUNDS**

Plaintiffs submit this memorandum of law in support of their motion requesting that the Court authorize a *cy pres* distribution from the remaining settlement funds in the above-captioned class action, to be divided evenly among the following charitable organizations: (i) the Community Service Fund of the Dallas Bar Association ("CSF"); and (ii) Community Legal Services of Philadelphia ("CLS").

### I. BACKGROUND

The Court appointed Heffler, Radetich & Saitta LLP ("Heffler") as the claims administrator responsible for implementing the distribution of the settlement proceeds. *See* Exhibit A: Declaration of Edward J. Sincavage ("Sincavage Decl.") at ¶ 2. During the first distribution, Heffler distributed a fund of $2,601,993.42 to 709 class members. *Id.* at ¶ 3. As set forth in the Sincavage Decl., there is approximately $54,007.21 remaining in accounts held for the benefit of the class. *Id.* at ¶ 5.

### II. PROPOSED *CY PRES* DISTRIBUTION

Plaintiffs' class counsel in this shareholder class action lawsuit request that the Court authorize a *cy pres* distribution of remaining settlement funds to one or more non-profit organization(s) whose activities reasonably approximate the interests of the class. Plaintiffs'

Memorandum of Law in Support of Plaintiffs' Motion                                                           Page | 1

class counsel respectfully recommend that any residual funds be distributed evenly at 50% each to (i) the Community Service Fund of the Dallas Bar Association ("CSF"); and (ii) Community Legal Services of Philadelphia ("CLS"), each of which benefit the public by representing low-income individuals who have been affected by fraudulent practices.

A *cy pres* distribution is appropriate "when it is not feasible to make further distributions to class members." *Klier v. Elf Atochem N. Am., Inc.*, 658 F.3d 468, 475 (5th Cir. 2011) (quoting Principles of the Law of Aggregate Litigation § 3.07 cmt. b (2010)); *see also* 4 NEWBERG ON CLASS ACTIONS § 12:32 (5th ed. 2019) ("Courts in every circuit, and appellate courts in most, have approved the use of *cy pres* for unclaimed class action awards."). It is "infeasible to make further distributes when (1) remaining class members cannot be identified or chose not to participate, (2) the claim amounts are too small to make individual distributions economically viable, and/or (3) the class members' damages claims are fully satisfied by the initial distribution." *Duncan v. JPMorgan Chase Bank, N.A.*, No. 14-912, 2016 WL 4419472, at *17 (W.D. Tex. May 24, 2016) (citing *Klier*, 658 F.3d at 475 & n.15). Heffler represents that the cost of a further distribution would not be administratively feasible. *See* Sincavage Decl. ¶ 5.

A *cy pres* distribution should be "distributed for a purpose as near as possible to the legitimate objectives underlying the lawsuit, the interests of class members, and the interests of those similarly situated." *Klier*, 658 F.3d at 474 (quoting *In re Airline Ticket Comm'n Antitrust Litig.*, 307 F.3d 679, 682 (8th Cir. 2002)); *see also In re Heartland Payment Sys., Inc. Customer Data Sec. Breach Litig.*, 851 F. Supp. 2d 1040, 1077 (S.D. Tex. 2012) (approving *cy pres* distributions where the recipient organizations "reasonably approximate the interests pursued by the class"). That is, "a *cy pres* distribution is designed to be a way for a court to put any unclaimed settlement funds to their 'next best compensation use, e.g., for the aggregate, indirect,

prospective benefit of the class.'" *Klier*, 658 F.3d at 474 (quoting *Masters v. Wilhelmina Model Agency, Inc.*, 473 F.3d 423, 436 (2d Cir. 2007)).

Here, the underlying class action litigation involved claims of securities fraud under the Securities Exchange Act. One purpose of the Securities Exchange Act is to protect small individual investors, as well as the public at large, from false representations and other fraud. As a class action, this litigation provided relief to class members who likely did not have the ability or resources to bring individual claims. The proposed recipients of the *cy pres* distribution similarly protect the public from fraud and misrepresentation.

CSF focuses on the Dallas Volunteer Attorney Program, which is a pro bono program dedicated to increasing and enhancing legal services to low-income clients through recruitment, training and support of volunteer attorneys.[1]  The Dallas Volunteer Attorney Program provides advice and representation in a variety of cases, including, but not limited to, consumer cases.[2] Accordingly, its services include representing low-income individuals who have been affected by fraudulent practices. This is consistent with one of the purposes of the underlying statute—the Securities Exchange Act—to protect small individual investors, as well as to protect the public at large, from false representations and other fraud on individuals who cannot protect themselves, and benefits such class members.

Similarly, CLS has helped over 1 million clients who could not afford to pay for legal representation since its inception in 1966.[3] As with the CSF, CLS protects low-income clients from the risk of loss affecting their income, including from fraudulent conduct.[4] Accordingly,

---

[1] https://dallasvolunteerattorneyprogram.org/
[2] *See id*.
[3] About Community Legal Services, Community Legal Services of Philadelphia, https://clsphila.org/about-community-legal-services/
[4] *See id*.

courts have frequently designated CLS as an appropriate *cy pres* designee. *See, e.g.*, *In re Currency Conversion Fee Antitrust Litig.*, MDL No. 1409, Doc. No. 385 (S.D.N.Y. Dec. 21, 2015) (designating CLS and one other entity for *cy pres* distribution); *In re KLA-Tencor Corp. Secs. Litig.*, No. C-06-04065-CRB, Doc. No. 241 (N.D. Cal. Mar. 21, 2018) (designating CLS as one of three *cy pres* recipients); *In re Hemispherix Biopharma, Inc. Litig.*, No. 09-cv-05262-PD, Doc. No. 86 (E.D. Pa. Oct. 4, 2016) (designating CLS as the *cy pres* recipient).

For the foregoing reasons, Plaintiffs' class counsel respectfully request that the Court authorize a *cy pres* distribution of any residual settlement funds, and that such residual funds be evenly distributed at 50% each to the CSF and CLS.[5]

### III.   CONCLUSION

For all the reasons stated above, Plaintiffs respectfully request that this Court grant their motion to allow *cy pres* distribution of the residual settlement funds. A proposed form of Order is attached.

Dated: March 9, 2020　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Theodore C. Anderson, III*
　　　　　　　　　　　　　　　　　　　　　　　　　　　Theodore C. Anderson, III
　　　　　　　　　　　　　　　　　　　　　　　　　　　Texas State Bar No. 01215700
　　　　　　　　　　　　　　　　　　　　　　　　　　　tca@kilgorelaw.com
　　　　　　　　　　　　　　　　　　　　　　　　　　　KILGORE & KILGORE PLLC
　　　　　　　　　　　　　　　　　　　　　　　　　　　3109 Carlisle Street
　　　　　　　　　　　　　　　　　　　　　　　　　　　Dallas, TX 75204
　　　　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (214) 969-9099

---

[5] One of the partners at Berger Montague, PC is on the board of CLS, where she receives no compensation for her participation.

>Ruthanne Gordon
>PA 31052
>rgordon@bm.net
>David A. Langer
>PA84394
>dlanger@bm.net
>BERGER MONTAGUE PC
>1818 Market Street, Suite 3600
>Philadelphia, PA 19103
>Telephone: (215) 875-3000
>*Plaintiffs' Class Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing was served on Counsel of record on this the 9th day of March, 2020 via the ECF system for the Northern District of Texas.

>*/s/ Theodore C. Anderson, III*
>Theodore C. Anderson, III